**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA MUNCY | ) | CASE NO. |
| 1545 Alar Avenue | ) | |
| Reynoldsburg, Ohio 43068, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| PICKERINGTON BOARD OF EDUCATION | ) | |
| 90 North East Street | ) | **JURY DEMAND ENDORSED** |
| Pickerington, Ohio 43147, | ) | **HEREIN** |
| | ) | |
| and, | ) | |
| | ) | |
| PICKERINGTON LOCAL SCHOOLS | ) | |
| 90 North East Street | ) | |
| Pickerington, Ohio 43147, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| SCOTT PHILABAUM | ) | |
| c/o Pickerington Board of Education | ) | |
| 775 Long Road | ) | |
| Pickerington, Ohio 43147, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| DAVID ZWIEBEL | ) | |
| c/o Pickerington Board of Education | ) | |
| 775 Long Road | ) | |
| Pickerington, Ohio 43147, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| CHRIS BRIGGS | ) | |
| c/o Pickerington Board of Education | ) | |
| 775 Long Road | ) | |
| Pickerington, Ohio 43147, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| | ) | |

MELISSA MORIARITY )
c/o Pickerington Board of Education )
775 Long Road )
Pickerington, Ohio 43147, )
                                    )
                Defendants. )

Plaintiff, Joshua Muncy, by and through undersigned counsel, as his Complaint against Defendants Pickerington Board of Education and Pickerington Local Schools (together, "PBE"), Scott Philabaum, David Zwiebel, Melissa Moriarity, and Chris Briggs, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Muncy is a resident of the City of Reynoldsburg, Franklin County, Ohio.

2. At all times herein, Muncy was acting in the course and scope of his employment.

3. Pickerington Board of Education is a government entity that runs Pickerington Local Schoos.

4. PBE is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Scott Philabaum is a resident of the State of Ohio.

6. Philabaum is, and at all times hereinafter mentioned, was an individual who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq.*

7. David Zwiebel is a resident of the State of Ohio.

8. Zwiebel is, and at all times hereinafter mentioned, was an individual who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq.*

9. Chris Briggs is a resident of the State of Ohio.

10. Briggs is, and at all times hereinafter mentioned, was an individual who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq.*

11. Melissa Moriarity is a resident of the State of Ohio.

12. Moriarity is, and at all times hereinafter mentioned, was an individual who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq.*

13. All of the material events alleged in this Complaint occurred in Fairfield County.

14. Personal jurisdiction is proper over PBE pursuant to R.C. § 2307.382(A)(1), (2), (3), and (4).

15. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Muncy is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

16. This Court has supplemental jurisdiction over Muncy's state law claims pursuant to 28 U.S.C. § 1367 as Muncy's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

18. Within two years of the conduct alleged below, Muncy dual-filed Charges of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") against Defendants ("Muncy OCRC Charges").

19. In accordance with R.C. § 4112.052(C)(2), the statute of limitations for filing a Complaint under R.C. § 4112.01 *et seq.* is tolled during the period while the Muncy OCRC Charges were pending.

20. On or about January 11, 2024, the OCRC issued a Notice of Right to Sue letter to Muncy regarding the Muncy OCRC Charge.

21. The Muncy OCRC Charges were pending for 98 days.

22. Muncy has filed this Complaint within two years of the issuance of the Notice of Right to Sue letter.

23. Within 300 days of the conduct alleged below, Muncy filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2024-00775 against Defendants ("Muncy EEOC Charges").

24. On or about March 1, 2024, the EEOC issued a Notice of Right to Sue letter to Muncy regarding the Muncy EEOC Charges.

25. Muncy received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

26. Muncy has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

27. Muncy has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

28. Muncy has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## **FACTS**

29. Muncy is a former employee of PBE.

30. Muncy began working for PBE on or about July 1, 2020.

31. Muncy worked for PBE as a teacher.

32. PBE was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of

20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

33. At all times relevant herein, Muncy was employed by PBE for at least 12 months and had at least 1,250 hours of service with PBE and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

34. Muncy has an adrenal tumor (Muncy's "Disability")

35. Muncy's Disability is a physical impairment.

36. Muncy's Disability substantially limits one or more major life activities, such as working in the sun and heat, working, moving, walking, running, sleeping, lifting, bending, pushing, pulling, standing, and sitting.

37. Muncy has a record of his Disability.

38. As a result of Muncy's Disability, Muncy is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

39. As a result of suffering from his Disability, Muncy is and was considered disabled within the meaning of the ADA, 42 U.S.C. 126 § 12101 *et seq.*

40. Muncy disclosed his Disability to Defendants.

41. In the alternative, Defendants perceived Muncy as being disabled.

42. In the alternative, Defendants perceived Muncy's Disability to substantially impair one or more major life activities, such as working in the sun and heat, working, moving, walking, running, sleeping, lifting, bending, pushing, pulling, standing, and sitting.

43. Despite this actual or perceived disabling condition, Muncy was still able to perform the essential functions of his job.

44. Muncy is male.

45. Muncy is homosexual.

46. Muncy kept his sexual orientation private in the workplace.

47. Muncy did not want his sexual orientation to be public knowledge in the workplace.

48. Melissa Moriarity was Muncy's principal and supervisor.

49. Moriarity is not homosexual.

50. In or around the Winter of 2020, Moriarity asked Muncy if Muncy was homosexual.

51. Moriarity had no legitimate business reason to need to know Muncy's sexual orientation.

52. Muncy answered that Muncy was homosexual.

53. Muncy explained to Moriarity that Muncy's sexual orientation was private,

54. Muncy explained to Moriarity that revealing Muncy's sexual orientation to a third party without Muncy's permission was homophobic harassment.

55. Beginning in or around August 2020, David Zwiebel became Muncy's supervisor and the principal at Muncy's school.

56. When Zwiebel took over as principal from Moriarity, Moriarty revealed Muncy's sexual orientation to Zwiebel without Muncy's permission.

57. In or around January 2021, Zwiebel began to sexually harass Muncy by groping Muncy without Muncy's consent ("Sexual Harassment").

58. The Sexual Harassment included Zwiebel regularly caressing and touching Muncy without permission.

59. The Sexual Harassment included Zwiebel regularly caressing and touching Muncy without permission whenever Zwiebel and Muncy were in close proximity to one another.

60. The Sexual Harassment included Zwiebel telling Muncy to "relax" while Zwiebel groped, caressed, and/or touched Muncy without permission.

61. The Sexual Harassment was based on gender.

62. The Sexual Harassment was based on sexual orientation.

63. The Sexual Harassment was unwanted by Muncy.

64. Muncy opposed the Sexual Harassment.

65. Muncy was embarrassed by the Sexual Harassment.

66. Muncy was offended by the Sexual Harassment.

67. A reasonable person would consider the Sexual Harassment to be offensive.

68. The Sexual Harassment was severe.

69. A reasonable person would consider the Sexual Harassment to be severe.

70. The Sexual Harassment was pervasive.

71. A reasonable person would consider the Sexual Harassment to be pervasive.

72. Alternatively, the Sexual Harassment is permitted by Defendants.

73. The Sexual Harassment constituted harassment.

74. The Sexual Harassment created a hostile work environment based on gender.

75. The Sexual Harassment created a hostile work environment based on sexual orientation.

76. The Sexual Harassment caused Muncy emotional distress.

77. The Sexual Harassment is intolerable in a civilized society.

78. Alternatively, Defendants believe that Sexual Harassment is tolerable in a civilized society.

79. In or around February 2022, Muncy reported Zwiebel's Sexual Harassment to PBE ("Report of Sexual Harassment").

80. PBE has a policy of investigating significant workplace issues or events.

81. The Report of Sexual Harassment reported a significant workplace issue or event.

82. Pursuant to PBE's policies, the Report of Sexual Harassment should have been investigated.

83. Alternatively, pursuant to PBE's policies, the Report of Sexual Harassment should not have been investigated.

84. An investigation should include interviewing the complainant.

85. An investigation should include interviewing the subject of the complaint.

86. An investigation should include interviewing the subject of the reported discrimination.

87. An investigation should include interviewing witnesses to the reported discrimination.

88. An investigation should include getting a written statement from the complainant.

89. An investigation should include getting a written statement from the subject of the complaint.

90. An investigation should include getting a written statement from the subject of the reported discrimination.

91. In response to the Report of Sexual Harassment, Defendants did not interview Muncy.

92. In response to the Report of Sexual Harassment, Defendants did not interview Zwiebel.

93. In response to the Report of Sexual Harassment, Defendants did not interview any witnesses.

94. In response to the Report of Sexual Harassment, Defendants did not get a written statement from Muncy.

95. In response to the Report of Sexual Harassment, Defendants did not get a written statement from Zwiebel.

96. In response to the Report of Sexual Harassment, Defendants did not get a written statement from any witnesses.

97. In response to the Report of Sexual Harassment, Defendants conducted no investigation whatsoever.

98. By failing to investigate the Report of Sexual Harassment, Defendants ratified Zwiebel's conduct.

99. By failing to investigate the Report of Sexual Harassment, Defendants allowed Zwiebel's conduct to continue.

100. Failing to investigate the Report of Sexual Harassment is an adverse action.

101. Failing to investigate the Report of Sexual Harassment is an adverse employment action.

102. Defendants willfully failed to investigate the Report of Sexual Harassment.

103. Defendants intentionally failed to investigate the Report of Sexual Harassment.

104. In response to the Report of Sexual Harassment, Defendants did not correct the Sexual Harassment.

105. In response to the Report of Sexual Harassment, Defendants did not tell Muncy why they declined to correct the Sexual Harassment.

106. In or around February 2022, Zwiebel retaliated against Muncy for the Report of Sexual Harassment by suddenly changing Muncy's performance reviews to be negative ("Retaliatory Actions").

107. Prior to February 2022, Muncy did not have any negative performance reviews.

108. Prior to February 2022, Muncy did not have any disciplinary actions.

109. The Retaliatory Actions included Zwiebel excluding Muncy from staff meetings.

110. Zwiebel did not discriminate or retaliate against similarly situated employees that did not make reports of Sexual Harassment by excluding them from staff meetings or issuing them negative performance reviews.

111. Zwiebel did not discriminate or retaliate against similarly situated heterosexual employees by excluding them from staff meetings or issuing them negative performance reviews.

112. The Retaliatory Actions were retaliation for the Report of Sexual Harassment.

113. The Retaliatory Actions were because of Muncy's gender.

114. The Retaliatory Actions were because of Muncy's sexual orientation.

115. By committing the Retaliatory Actions, Zwiebel made it less likely for a reasonable employee to make a report or oppose conduct like the Sexual Harassment.

116. The Retaliatory Actions constitute retaliation.

117. The Retaliatory Actions constitute gender discrimination.

118. The Retaliatory Actions constitute sexual orientation discrimination.

119. Defendants willfully engaged in the Retaliatory Actions.

120. Defendants intentionally engaged in the Retaliatory Actions.

121. The Retaliatory Actions were adverse actions.

122. The Retaliatory Actions were adverse employment actions.

123. Defendants engaged in the Retaliatory Actions with the intent to make Muncy quit.

124. The Retaliatory Actions created an unlawfully discriminatory hostile work environment.

125. The Retaliatory Actions contributed to an unlawfully discriminatory hostile work environment.

126. In or around November 2022, Muncy applied for and was approved for intermittent FMLA leave due to his Disability.

127. Whenever Muncy utilized his approved intermittent FMLA leave, Zwiebel made disparaging comments to Muncy about his Disability.

128. Whenever Muncy utilized his approved intermittent FMLA leave, Zwiebel made disparaging comments to Muncy about his FMLA use.

129. Whenever Muncy utilized his approved intermittent FMLA leave, Zwiebel made it clear that he resented Muncy's use of FMLA leave.

130. On or about May 15, 2023, Human Resources Director, Scott Philabaum, informed Muncy that PBE would not be renewing Muncy's employment contract on May 24, 2023, for the next school year.

131. Philabaum is not homosexual.

132. Chris Briggs was the PBE Superintendent.

133. Briggs is not homosexual.

134. On or about May 24, 2023, PBE, Philabaum, and Briggs effectively terminated Muncy's employment ("Termination").

135. Muncy's employment contract with PBE had been regularly renewed since 2020.

136. After Muncy made his Report of Sexual Harassment, PBE declined to renew Muncy's employment contract.

137. After Muncy applied for intermittent FMLA leave, PBE declined to renew Muncy's employment contract.

138. After Muncy utilized intermittent FMLA leave for his Disability, PBE declined to renew Muncy's employment contract.

139. The timing of Muncy's Termination was particularly damaging because the Termination took place after the typical hiring period for central Ohio school districts.

140. The timing of Muncy's Termination left Muncy with few job prospects for the following school year.

141. PBE has a progressive disciplinary policy ("Discipline Policy")

142. A verbal warning is the lowest level of discipline in the Discipline Policy.

143. Muncy did not receive a verbal warning before the Termination.

144. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

145. Muncy did not receive a written warning before the Termination.

146. A termination is the highest level of discipline in the Discipline Policy.

147. Defendants knowingly skipped progressive disciplinary steps in terminating Muncy.

148. Defendants knowingly terminated Muncy's employment.

149. Defendants knowingly took adverse employment actions against Muncy.

150. Defendants knowingly took adverse actions against Muncy.

151. Defendants intentionally skipped progressive disciplinary steps in terminating Muncy.

152. Defendants intentionally terminated Muncy's employment.

153. Defendants intentionally took adverse employment actions against Muncy.

154. Defendants intentionally took adverse actions against Muncy.

155. Defendants knew that skipping progressive disciplinary steps in terminating Muncy would cause Muncy harm, including economic harm.

156. Defendants knew that terminating Muncy would cause Muncy harm, including economic harm.

157. Defendants willfully skipped progressive disciplinary steps in terminating Muncy.

158. Defendants willfully terminated Muncy's employment.

159. Defendants willfully took an adverse employment action against Muncy.

160. Defendants willfully took an adverse action against Muncy.

161. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII
### (as against Defendant Pickerington Board of Education)

162. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

163. Muncy is a member of a statutorily protected class based on his gender under Title VII.

164. Defendants treated Muncy differently than other similarly-situated employees based on his gender.

165. Defendants discriminated against Muncy on the basis of his gender throughout his employment with the company.

166. Defendants terminated Muncy's employment without just cause.

167. Defendants terminated Muncy's employment based on his gender.

168. Defendants' discrimination against Muncy based on his gender violates Title VII

169. As a direct and proximate result of the Defendants' conduct, Muncy suffered and will continue to suffer damages.

### COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
**(as against Defendant Pickerington Board of Education)**

170. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

171. Muncy is a member of a statutorily protected class based on his gender under R.C. § 4112.02.

172. Defendants treated Muncy differently than other similarly-situated employees based on his gender.

173. Defendants discriminated against Muncy on the basis of his gender throughout his employment with the company.

174. Defendants terminated Muncy's employment without just cause.

175. Defendants terminated Muncy's employment based on his gender.

176. Defendants' discrimination against Muncy based on his gender violates R.C. § 4112.01 *et seq*.

177. As a direct and proximate result of the Defendants' conduct, Muncy suffered and will continue to suffer damages.

13

### COUNT III: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII
**(as against Defendant Pickerington Board of Education)**

178. Muncy restates each and every paragraph of this Complaint as though it were fully restated herein.

179. Muncy was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

180. Zwiebel and PBE created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual advances.

181. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Zwiebel, Muncy reported the sexual harassment to his supervisor both verbally and in writing.

182. Defendants' actions and omissions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

183. Zwiebel's sexual harassment of Muncy occurred while Zwiebel was acting in the course and scope of his employment as Principal.

184. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

### COUNT IV: SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*
**(as against Defendant Pickerington Board of Education)**

185. Muncy restates each and every paragraph of this Complaint as though it were fully restated herein.

186. Muncy was subjected to unwelcome sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

187. Zwiebel and PBE created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual advances.

188. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Zwiebel, Muncy reported the sexual harassment to his supervisor both verbally and in writing.

189. Defendants' actions and omissions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A).

190. Zwiebel's sexual harassment of Muncy occurred while Zwiebel was acting in the course and scope of his employment as Principal.

191. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

**COUNT V: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER AND SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII**
**(as against Defendant Pickerington Board of Education)**

192. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

193. During his employment with the Pickerington Board of Education, Muncy was subjected to offensive and harassing conduct by Zwiebel based on his gender.

194. During his employment with the Pickerington Board of Education, Muncy was subjected to offensive and harassing conduct by Zwiebel based on his sexual orientation.

195. Defendants knew or should have known of the harassing conduct against Muncy by Zwiebel.

196. Defendants condoned, tolerated and ratified this harassing conduct.

197. This harassing conduct was severe and/or pervasive.

198. This harassing conduct was offensive to Muncy.

15

199. This harassing conduct interfered with Muncy's ability to perform his job duties.

200. Zwiebel's offensive and harassing conduct created a hostile and/or abusive work environment for Muncy.

201. Zwiebel's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Muncy.

202. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

## COUNT VI: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER AND SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*
### (as against Defendant Pickerington Board of Education)

203. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

204. During his employment with the Pickerington Board of Education, Muncy was subjected to offensive and harassing conduct by Zwiebel based on his gender.

205. During his employment with the Pickerington Board of Education, Muncy was subjected to offensive and harassing conduct by Zwiebel based on his sexual orientation.

206. Defendants knew or should have known of the harassing conduct against Muncy by Zwiebel.

207. Defendants condoned, tolerated and ratified this harassing conduct.

208. This harassing conduct was severe and/or pervasive.

209. This harassing conduct was offensive to Muncy.

210. This harassing conduct interfered with Muncy's ability to perform his job duties.

211. Zwiebel's offensive and harassing conduct created a hostile and/or abusive work environment for Muncy.

212. Zwiebel's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Muncy.

213. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

## COUNT VII: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
### (as against Defendant Pickerington Board of Education)

214. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

215. Defendants treated Muncy differently than other similarly-situated employees based on his disabling condition.

216. Defendants treated Muncy differently than other similarly-situated employees based on his perceived disabling condition.

217. On or about May 24, 2024, Defendants terminated Muncy's employment without just cause.

218. Defendants terminated Muncy's employment based on his Disability.

219. Defendants terminated Muncy's employment based on his perceived disability.

220. Defendants violated the ADA when it discharged Muncy based on his Disability.

221. Defendants violated the ADA when it discharged Muncy based on his perceived disability.

222. Defendants violated the ADA by discriminating against Muncy based on his disabling condition.

223. Defendants violated the ADA by discriminating against Muncy based on his perceived disabling condition.

224. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

### COUNT VIII: DISABILITY DISCRIMINATION IN VIOLATION OF
### R.C. § 4112.01 *et seq.*
**(as against Defendant Pickerington Board of Education)**

225. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

226. Defendants treated Muncy differently than other similarly-situated employees based on his disabling condition.

227. Defendants treated Muncy differently than other similarly-situated employees based on his perceived disabling condition.

228. On or about May 24, 2024, Defendants terminated Muncy's employment without just cause.

229. Defendants terminated Muncy's employment based on his Disability.

230. Defendants terminated Muncy's employment based on his perceived disability.

231. Defendants violated R.C. § 4112.01 *et seq*. when it discharged Muncy based on his Disability.

232.  Defendants violated R.C. § 4112.01 *et seq*. when it discharged Muncy based on his perceived disability.

233. Defendants violated R.C. § 4112.01 *et seq*. by discriminating against Muncy based on his disabling condition.

234. Defendants violated R.C. § 4112.01 *et seq*. by discriminating against Muncy based on his perceived disabling condition.

235. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

### COUNT IX: RETALIATION IN VIOLATION OF TITLE VII
**(as against Defendant Pickerington Board of Education)**

236. Muncy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

237. As a result of Defendants' discriminatory conduct described above, Muncy complained about the gender discrimination and sexual harassment was experiencing.

238. Defendants' actions were retaliatory in nature based on Muncy's opposition to the unlawful discriminatory conduct.

239. Pursuant to Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

240. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

### COUNT X: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (as against Defendant Pickerington Board of Education)

241. Muncy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

242. As a result of Defendants' discriminatory conduct described above, Muncy complained about the gender discrimination and sexual harassment was experiencing.

243. Defendants' actions were retaliatory in nature based on Muncy's opposition to the unlawful discriminatory conduct.

244. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

245. As a direct and proximate result of Defendants' conduct, Muncy suffered and will continue to suffer damages.

## COUNT XI: RETALIATION IN VIOLATION OF FMLA
### (as against all Defendants)

246. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

247. During his employment, Muncy utilized FMLA leave.

248. After Muncy utilized his qualified FMLA leave, Defendants retaliated against him.

249. Defendants retaliated against Muncy by terminating his employment.

250. Defendants willfully retaliated against Muncy in violation of 29 U.S.C. § 2615(a).

251. As a direct and proximate result of Defendants' wrongful conduct, Muncy is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT XII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS
### (as against all Defendants)

252. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

253. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

254. PBE is a covered employer under FMLA.

255. During his employment, Muncy qualified for FMLA leave.

256. During his employment, Muncy requested intermittent FMLA leave.

257. Defendants interfered with Muncy's intermittent FMLA leave by harassing Muncy whenever he utilized FMLA leave.

258. Defendants interfered with Muncy's intermittent FMLA leave by terminating Muncy's employment after his intermittent FMLA leave was granted.

259. Defendants unlawfully interfered with Muncy's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

260. Defendants violated section 825.300(c)(1) of FMLA and interfered with Muncy's FMLA rights when Defendants did not honor Muncy's approved use of FMLA leave.

261. As a direct and proximate result of Defendants' conduct, Muncy is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT XIII: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (as against Defendants David Zwiebel, Melissa Moriarity, Scott Philabaum, and Chris Briggs)

262. Muncy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

263. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

264. Zwiebel aided, abetted, incited, coerced, and/or compelled the PBE's discriminatory termination of Muncy.

265. Zwiebel aided, abetted, incited, coerced, and/or compelled PBE's discriminatory treatment of Muncy.

266. Zwiebel violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

267. Moriarity aided, abetted, incited, coerced, and/or compelled the PBE's discriminatory termination of Muncy.

268. Moriarity aided, abetted, incited, coerced, and/or compelled PBE's discriminatory treatment of Muncy.

269. Moriarity violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

270. Philabaum aided, abetted, incited, coerced, and/or compelled the PBE's discriminatory termination of Muncy.

271. Philabaum aided, abetted, incited, coerced, and/or compelled PBE's discriminatory treatment of Muncy.

272. Philabaum violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

273. Briggs aided, abetted, incited, coerced, and/or compelled the PBE's discriminatory termination of Muncy.

274. Briggs aided, abetted, incited, coerced, and/or compelled PBE's discriminatory treatment of Muncy.

275. Briggs violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

276. As a direct and proximate result of Zwiebel's conduct, Muncy has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Joshua Muncy respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring Pickerington Board of Education to abolish discrimination, harassment, and retaliation;

     (ii)     Requiring allocation of significant funding and trained staff to implement all changes within two years;

     (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

     (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

     (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Muncy for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Muncy claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Gregory T. Shumaker*
Gregory T. Shumaker (0095552)
Trisha M. Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4288
Fax: (216) 291-5744
Email: greg.shumaker@spitzlawfirm.com
　　　　 trisha.breedlove@spitzlawfirm.com

*Attorneys for Plaintiff Joshua Muncy*

## JURY DEMAND

Plaintiff Joshua Muncy demands a trial by jury by the maximum number of jurors permitted.

*/s/ Gregory T. Shumaker*
Gregory T. Shumaker (0095552)
Trisha M. Breedlove (0095852)

*Attorneys for Plaintiff Joshua Muncy*